UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **XUEHAI LI,**  Plaintiff, v. **YUN ZHANG, et al.,**  Defendants. | Civil Action No. 22-891(GC)(TJB)  **MEMORANDUM AND ORDER** |

Pending before the Court is Plaintiff Xuehai Li's ("Plaintiff") Motion to Direct the Court Clerk to Enter Default (Docket Entry No. 24) and Defendants Benton Blake Camper, Jr., Cari Camper, Carolyn Camper, Benton Blake Camper, III, and William E. Camper's (collectively, "Defendants" or "Campers") Cross-Motion for Attorney's Fees[1] (Docket Entry No. 26). Both motions proceed before the Court opposed. (Defs.' Cross-Mot. for Rule 11 Sanctions, Docket Entry No. 26); (Pl.'s Opp'n to Defs.' Mot. for Rule 11 Sanctions, Docket Entry No. 28) ("Pl.'s Opp'n Br."). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion to Enter Default is **DENIED,** and Defendants' Cross-Motion for Rule 11 Sanctions is **DENIED.**

---

[1] While Defendants' Motion is characterized on the docket as a Motion for Attorney's Fees, Defendants acknowledge that their motion is a Motion for Rule 11 Sanctions. (*See* Docket Entry No. 26-1, at *1 ¶ 1). Accordingly, Defendants motion shall herein be referred to as a "Motion for Rule 11 Sanctions."

1

I. **BACKGROUND AND PROCEDURAL HISTORY**

The Court presumes the parties' familiarity with the history of this action and includes herein only background relevant to the instant motions.

On February 18, 2022, Plaintiff filed this action which arises out of a financial dispute born out of divorce proceedings between Plaintiff and Defendant Yun Zhang ("Defendant Zhang"). (*See* Pl.'s Compl. ¶ 1, Docket Entry No. 1). On May 13, 2022, Defendant Zhang and the Campers were served with the Summons and Complaint. (Certificate of Service, Docket Entry No. 6). On June 1, 2022, Defendant Zhang filed a Motion to Dismiss for Lack of Jurisdiction, asking the Court to dismiss Plaintiff's Complaint with prejudice and sanction Plaintiff's Counsel under Rule 11. (Docket Entry No. 7). The District Court, on February 8, 2023, entered an Order and Memorandum Opinion granting Defendant Zhang's motion, in part, thereby dismissing with prejudice Counts I and III of Plaintiff's Complaint. (Docket Entry Nos. 14-15). The District Court declined Defendant's request to impose Rule 11 Sanctions against Plaintiff's Counsel. (Mem. Op. 10 n.6, Docket Entry No. 14). Particularly relevant, in its Opinion, the District Court found that the limited appearance made by Defense counsel for the Campers (Docket Entry No. 8) was procedurally inadequate to incorporate said Defendants within the scope of the Court's Order and Opinion. (Mem. Op. 1 n.1, Docket Entry No. 14). Specifically, the parties were advised:

> The Court notes additional correspondence submitted by Defendant's counsel, which states that "[f]or purposes of the pending motion, please be advised that the undersigned represents all defendants." *(See* ECF No. 8.) The Court is unclear if this correspondence is a belated attempt by Defendant's counsel to seek dismissal as to all other defendants, and as such, without more, the Court is not inclined to *sua sponte* dismiss any other defendants at this time.

2

(*Id.*) Accordingly, the relief granted in the Court's Order and Opinion only extended to Defendant Zhang.  Since the District Court entered Its Order and Opinion, Plaintiff has attempted to move for default against the Campers on multiple occasions, as is highlighted in more detail below.

On March 26, 2023, Plaintiff filed his first Motion for Entry of Default against the Campers. (Pl.'s Mot. for Entry of Default, Docket Entry No. 16).  Plaintiff argued that the Camper Defendants, after having been properly served with the Summons and Complaint, failed to appear or otherwise respond to Plaintiff's Complaint within the time prescribed by the Federal Rules of Civil Procedure.  (*Id.* at 1.)

On March 27, 2023, Defense counsel filed a Notice of Appearance on behalf of the Campers (Docket Entry No. 17), as well as an Opposition to Plaintiff's Motion for Entry of Default (Docket Entry No. 18).  In opposition, Defendants argued: (1) Plaintiff is fully aware that the cause of action is meritless; (2) For Count IV [of Plaintiff's Complaint], Fraud on the Court, this Court determined that this issue was precluded, under, *inter alia*, the Entire Controversy Doctrine; and (3) the request for the Camper family default is a clear Rule 11 violation, as it is only done to harass and needlessly increase costs. (Defs.' Opp'n to Pl.'s Mot. for Entry of Default 2, ¶¶ 4-6, Docket Entry No. 18).

On March 27, 2023, Plaintiff's March 26, 2023, Motion for Entry of Default, was terminated because the Plaintiff's request was submitted incorrectly as a motion. (Clerk's Quality Control Message dated Mar. 27, 2023).  On the same date, Plaintiff corrected the deficiency and filed a Request for Default.  (Docket Entry No. 19).  On March 29, 2023, Plaintiff was advised that, "[T]he Request for Default submitted . . . on 03/27/2023 cannot be granted as requested because the Defendants Benton B. Camper, Jr., CariCamper, Carolyn Camper, Benton Camper

3

III, and William Camper have filed a response." (Clerk's Quality Control Message dated Mar. 29, 2023).

On July 17, 2023, the Honorable Georgette Castner, U.S.D.J. entered a Notice of Call for Dismissal pursuant to L. Civ. R. 41.1(a), which was set for July 31, 2023. (Docket Entry No. 21).

On July 23, 2023, Plaintiff filed another Request for Default against the Campers, as well as an Opposition to the Notice of Call for Dismissal. (Docket Entry No. 22). On July 24, 2023, Plaintiff was advised that, "[T]he Request for Default submitted . . . on 07/23/2023 cannot be granted as requested because Defendant[s'] have filed a response." (Clerk's Quality Control Message dated July 24, 2023). On the same date, Plaintiff, again, filed a Request for Default against the Campers. (Docket Entry No. 23).

On July 25, 2023, Plaintiff was once again advised that, "[T]he Request for Default submitted . . . on 07/24/2023 cannot be granted as requested because Defendant[s'] have filed a response." (Clerk's Quality Control Message dated July 25, 2023). Then, on the same date, Plaintiff filed the present Motion to Direct the Court Clerk to Enter Default. (Docket Entry No. 24). On July 27, 2023, and in light of Plaintiff's Motion to Enter Default, the Notice of Call for Dismissal was withdrawn. (Clerk's Note dated July 27, 2023).

In his instant motion, Plaintiff argues that the Opposition filed by Defense counsel on March 27, 2023, is an unacceptable form of response to the Complaint, since it is neither a paragraph-by-paragraph Answer to the Complaint as required by Fed. R. Civ. P. 8(b) nor a motion to dismiss under Fed. R. Civ. P. 12 (b). (Pl.'s Certification in Supp. of Pl.'s Mot. for the Court Clerk to Enter Default 4 ¶ 16, Docket Entry No. 24) ("Pl.'s Certification"). More pointedly, Plaintiff contends that the title of Defendants' March 27, 2023, Opposition, which reads

4

"CERTIFICATION IN SUPPORT OF RULE 12(B)6 [sic]," is insufficient to deem Defendants' filing as an alternative form of Answer, as Defendants failed to file a motion pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.* at ¶ 17.) It is Plaintiff's position that Defendants have failed to file a motion or an answer to the Complaint for approximately four months, and therefore, pursuant to Fed. R. Civ. P. 55(a), the Court Clerk must enter default against the Defendants. (*Id.* at 3 ¶ 13-14.)

On August 1, 2023, Defendants filed their Cross-Motion for Rule 11 Sanctions and Opposition to Plaintiff's Motion to Direct the Court Clerk to Enter Default. (Defs.' Cross-Mot. for Rule 11 Sanctions, Docket Entry No. 26). In opposition, Defendants hold that the Notice of Appearance and Opposition filed on March 27, 2023, satisfied the pleading requirement, as such filings (1) addressed the Court's concerns regarding the inadequacy of counsel's initial appearance on behalf of the Campers and (2) clearly indicated that the Campers were being represented in the initial Motion to Dismiss. (Defs.' Mov. Br. in Supp. of Defs.' Cross-Mot. for Rule 11 Sanctions 2, 4 Docket Entry No. 26-2) ("Defs.' Mov. Br."). Additionally, Defendants argue that once the formal appearance was entered on March 27, 2023, by Defense counsel for the Campers, the broad relief that was granted to Defendant Zhang was extended to the Campers. (Defs.' Certification in Supp. of Defs.' Cross-Mot. for Rule 11 Sanctions 2 ¶ 10, Docket Entry No. 26-1) ("Defs.' Certification"). Defendants maintain that "[t]he threshold issue before this Court is whether the appearance is sufficient for the Camper Defendants to be provided with the same remedy granted to Defendant Zhang [Docket Entry No. 14]." (*Id.* at ¶ 11.) It is Defendants' position that the District Court, at footnote 1 of Its Opinion, instructed counsel to enter a formal appearance on behalf of the Campers and upon compliance with said instruction, the same remedy granted to Defendant Zhang was then provided to the Campers. (*Id.* at ¶¶ 5-10.) Defendants seemingly rely

5

on the doctrines of *res judicata*, collateral estoppel, and the entire controversy doctrine, highlighting that the District Court relied on same in granting Defendant Zhang's motion, in part. (*See id.* at 4 ¶ 13 [sic, ¶ 16].)

On cross-motion, Defendants contend that Plaintiff's counsel has violated Fed. R. Civ. P. 11. Defendants maintain that Plaintiff's counsel, despite being advised numerous times by the Court that the Campers had filed a responsive pleading, continuously and frivolously moved and continues to move for default against the Campers. (Defs.' Mov. Br. 3, Docket Entry No. 26-2). Based upon the foregoing, Defendants request the Court to sanction Plaintiff's counsel pursuant to and in violation of Fed. R. Civ. P. 11, specifically finding that Plaintiff's filings are intended to harass and needlessly increase the cost of the present litigation. (*Id.*)

On August 30, 2023, Plaintiff filed his Reply and an Opposition to Defendants' Cross-Motion for Rule 11 Sanctions ("Plaintiff's Reply and Opposition"). (Docket Entry No. 28). Plaintiff argues that Defendants' reliance on the entire controversy doctrine is based on a misunderstanding of same and misconstrues the District Court's holding in Its earlier Opinion (Docket Entry No. 14).[2] (Pl.'s Certification in Opp'n to Defs.' Cross-Mot. 2 ¶ 4, Docket Entry No. 28). Relying on *Hobart Bros Co. v. Nat. I Union Fire Ins. Co.,* 354 N.J. Super. 229, 806 A.2d 810 (App. Div. 2022), Plaintiff posits that the entire controversy doctrine does not bar Plaintiff's suit against the Campers, as the Campers were not parties in the previous arbitration or litigation

---

[2] In support of their argument, Plaintiff cites to *Hobart Bros Co. v. Nat. I Union Fire Ins. Co.,* 354 N.J. Super. 229, 806 A.2d 810 (App. Div. 2022). However, given the contents and analysis of this Opinion as set forth *infra*, the Court, for brevity, refrains from expounding on Plaintiff's *Hobart Bros Co.* analysis.

6

proceedings between Plaintiff and Defendant Zhang. (Pl.'s Certification in Opp'n to Defs.' Cross-Mot. 3 ¶ 8, Docket Entry No. 28).  Further, Plaintiff contends:

> Defendants fail to note that the Court specifically use the singular form of the word "Defendant" here, as opposed to the plural form "Defendants." Therefore, the Court has only held that claims against Defendant Zhang were dismissed based, in part, on the entire controversy doctrine, but did not hold that claims against the Campers were barred by the entire controversy doctrine.

(*Id.* at 5 ¶ 11.)  It is therefore Plaintiff's position that the entire controversy doctrine is inapplicable to the Campers in the present matter.

In opposition to Defendants' Cross-Motion for Rule 11 Sanctions, Plaintiff contends that Defendants' motion is both procedurally and substantively deficient.  (*Id.* at 6 ¶¶13-14.). Procedurally, Plaintiff states that Defendants' motion is deficient pursuant to Fed. R. Civ. P 11(c)(2), because Defendants improperly filed their motion as a cross-motion.  (*Id.* at 6 ¶ 14.) Substantively, Plaintiff argues that Defendants' motion lacks merit, as Plaintiff is currently pursuing claims against the Campers; claims that have never been tried in any Court and that are not barred by any legal doctrines. (*Id.* at 6 ¶ 13.)  Accordingly, Plaintiff maintains that Defendants' Cross-Motion for Rule 11 Sanctions should be denied.  (*Id.* at 6 ¶ 15.)

On September 5, 2023, Defendants filed their Reply to Plaintiff's Opposition, in which Defendants reiterate many of the same contentions raised in their cross-motion and add that Plaintiff's arguments raised in opposition are time-barred pursuant to L. Civ. R. 7.1(i). (*See* Defs.' Letter Br. in Reply to Pl.'s Opp'n to Defs.' Cross-Mot. 1-2, Docket Entry No. 29).

The Motions now come before the Court and are ripe for resolution.

7

## II. ANALYSIS

### A. **Plaintiff's Motion to Direct the Court Clerk to Enter Default**

In considering Plaintiff's motion for default, the Court notes that it has broad discretion to manage its docket. *See Gerald Chamles Corp. v. Oki Data Americas, Inc.*, Civ. No. 07-1947 (JEI), 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manager their docket[s]"). Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Courts have demonstrated a clear "reluctance to permit the final disposition of substantial controversies by default." *Hutton v. Fisher*, 359 F.2d 913, 916 (3d Cir. 1966). Therefore, "[w]here a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." *Lee v. Bhd. of Maint. of Way Emps.*, 139 F.R.D. 376, 381 (D. Minn. 1991).

Here, while the Court appreciates Plaintiff's argument that the defense counsel's March 27, 2023, submission (Docket Entry No. 18) is not an acceptable form of response to the Complaint pursuant to Fed. R. Civ. P. 8(b) or Fed. R. Civ. P. 12(b), the Court finds that said submission clearly indicates Defendants' and defense counsel's desire to contest Plaintiff's action. This is evidenced by the fact that, in the March 27, 2023, submission, defense counsel specifically argued that: (1) Plaintiff is fully aware that the cause of action is meritless; (2) For Count IV [of Plaintiff's Complaint], Fraud on the Court, this Court determined that this issue was precluded, under, *inter alia*, the Entire Controversy Doctrine; and (3) the request for the Camper family default is a clear Rule 11 violation, as it is only done to harass and needlessly increase costs. (Defs.' Opp'n to Pl.'s

8

Mot. for Entry of Default 2, ¶¶ 4-6, Docket Entry No. 18). Such contentions sufficiently indicate Defendants' intent and desire to contest Plaintiff's action.

Accordingly, in exercising its discretion and in accordance with the policy of allowing cases to be tried on the merits, the Court finds that Defendants' March 27, 2023, submission satisfies the threshold determination of "otherwise defend" specified by Rule 55(a). Therefore, Plaintiff's Motion to Direct the Clerk to Enter Default is **DENIED.** However, given the deficiency of Defendants' responsive submission, the Court directs Defendants to file a responsive pleading that conforms to the standards set forth in Fed. R. Civ. P. 8(b) or Fed. R. Civ. P. 12(b) within 21 days from the date of this Order. The Court cautions Defendants that failure to comply with this directive by the prescribed date may result in the imposition of default if Plaintiff so moves.

### B. Defendants' Cross-Motion for Rule 11 Sanctions

"It is well-established that courts have the power to impose sanctions on both litigants and attorneys to regulate their docket, to promote judicial efficiency and to deter abuse of judicial process." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 505 (3d Cir. 1991.) "A Court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L.Ed. 2d 27 (1991). "Generally, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F. 3d 175, 189 (3d Cir. 2002.) Generally, "because of their very potency, inherent powers must be exercised with restraint and caution." *Id.*

Rule 11 requires that any "pleading, written motion, or other paper" filed or submitted to the Court "not be[ ] presented for any improper purpose, such as to harass, cause unnecessary

9

delay, or needlessly increase the cost of litigation." FED R.CIV.P. 11(b). Pursuant to Federal Rule of Civil Procedure 11, a court may impose sanctions on attorneys. "It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court." *Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x. 174, 185 (3d Cir. 2008) (quoting *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 n.6 (3d Cir. 2008)); *see Renex NY Corp. v. Supply Depot LLC*, No. 23-489, 2023 WL 4580965, at *5 (D.N.J. My 18, 2023) ("The imposition of Rule 11 sanctions is at the discretion of the district court."). The goal of Rule 11 is accountability, *Keister v. PPL Corp.*, 677 F. App'x. 63, 68 (3d Cir. 2017), and its central purpose is to deter baseless filings, *Howe v. Litwark*, 579 F. App'x. 110, 115 (3d Cir. 2014) (quoting *Cooter & Geil v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Any sanction imposed must be limited to what suffices to deter repetition of the conduct or comparable conduct. FED. R. CIV. P. 11(c)(4).

However, before addressing the merits of a Rule 11 motion for sanctions, a court must ensure that the party seeking sanctions complied with the procedural requirements of Rule 11(c)(2). Pursuant to Rule 11(c)(2), a party must make a sanctions motion "separately from any other motion and must describe the specific conduct that allegedly violates [Rule 11]." FED. R. CIV. P. 11(c)(2). A party cannot file a motion for sanctions until it first presents the motion to the offending party and allows 21 days for the other party to withdraw or correct the challenged issue. *Gant v. Ragone*, No. 20-1727, 2021 U.S. Dist. LEXIS 138578, at *3 (D.N.J. July 26, 2021) (citing *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008); FED.R.CIV.P. 11(c)(2)). Moreover, "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or

10

appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c)(2).

The Defendants have failed to comply with the procedural requirements of Rule 11(c)(2). To begin with, Defendants did not file their motion for sanctions "separately from any other motion." In their cross-motion, Defendants intermingle their request for Rule 11 Sanctions with additional requested dispositive relief. As Defendants state in their cross-motion, "[t]he threshold issue before this Court is whether the appearance [of defense counsel] is sufficient for the Camper Defendants to be provided with the same remedy granted to Defendant Zhang [Docket Entry No. 14]." (Defs.' Certification 2 ¶ 11). Such a remedy would be dismissal of Plaintiff's claims against the Campers. Notably, Defendants do not raise this "threshold issue" in passing. Rather, the Defendants provide pointed arguments in support of their request to afford the Campers the same remedy as Defendant Zhang. Specifically, and as previously mentioned, Defendants argue that the District Court, at footnote 1 of its February 8, 2023, Opinion, instructed counsel to enter a formal appearance on behalf of the Campers and upon compliance with said instruction, the same remedy granted to Defendant Zhang was then provided to the Campers. (*Id.* at ¶¶ 5-10.)

Therefore, while Defendants identify their cross-motion as a Motion for Rule 11 Sanctions, Defendants, in same, substantively seek the Court to make a threshold, dispositive ruling in addition to ruling on their request for Rule 11 sanctions. This substantive commingling of issues and various requests for relief violates the procedural guidelines prescribed in Rule 11(c)(2). Defendants' cross-motion may be denied on this basis alone.

11

Moreover, Defendants fail to comply with Rule 11(c)(2)'s safe harbor provision. In their cross-motion, Defendants highlight that on July 25, 2023, at 9:38 AM, defense counsel emailed Plaintiff's counsel in an attempt to avoid further litigation. (Defs.' Certification 3 ¶ 10 [sic, ¶ 13]). In the email, defense counsel states, "You [Plaintiff's counsel] have now tried two or three times to have default entered against the Campers. At each time, the court has advised you that the application is misplaced. Please stop pushing on this case . . . Should you insist on this matter, I will request fees . . . ." (*Id.*) On August 1, 2023, Defense counsel filed their present cross-motion for Rule 11 sanctions. Pursuant to Rule 11(c)(2), a party cannot file a motion for sanctions until it first presents the motion to the offending party and allows 21 days for the other party to withdraw or correct the challenged issue. *Gant v. Ragone*, No. 20-1727, 2021 U.S. Dist. LEXIS 138578, at *3; FED.R.CIV.P. 11(c)(2)). After emailing Plaintiff's counsel, Defendants waited a total of 7 days to file their present cross-motion. Further, the record is unclear if Defense counsel presented the cross-motion to Plaintiff's counsel prior to filing.

Given Defendants non-compliance with Rule (11)(c)(2), Defendants fail to overcome their threshold, procedural burden, which must be satisfied prior to the Court considering the merits of the motion. Accordingly, the Court need not address the merits of Defendants' cross-motion at this time nor any of the arguments raised in support or in opposition thereof. Defendants' Cross-Motion for Rule 11 Sanctions is **DENIED.**

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Direct the Court Clerk to Enter Default is **DENIED**, and Defendants' Cross-Motion for Rule 11 Sanctions is **DENIED**.  The Court directs Defendants to file a responsive pleading that conforms to the standards set forth in Fed. R. Civ. P. 8(b) or Fed. R. Civ. P. 12(b) within 21 days from the date of this Order.  The Court cautions Defendants that failure to comply with this directive by the prescribed date may result in the imposition of default if Plaintiff so moves for same. An appropriate Order follows.

**It is on this   12th   day of   December, 2023,**

**ORDERED** that Plaintiff's Motion to Direct the Clerk to Enter Default is **DENIED**; and it is further

**ORDERED** that Defendant's Cross-Motion for Rule 11 Sanctions is **DENIED**; and it is further

**ORDERED** that Defendants are directed to submit a responsive pleading that conforms with the standards set forth in Fed. R. Civ. P. 8(b) or Fed. R. Civ. P. 12(b) **21** days from the date of this Order; and it is further

**ORDERED** that the Clerk of the Court terminate Docket Entry No. 24 and Docket Entry No. 26.

                                                   **s/ Tonianne J. Bongiovanni**
                                                   **TONIANNE J. BONGIOVANNI**
                                                   **United States Magistrate Judge**